# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: A.O., R.O., R.O., and C.O.**

**FILED**

June 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**No. 13-1297** (Mercer County 12-JA-70, 71, 72, and 73)

## MEMORANDUM DECISION

Petitioner Father filed this appeal by his counsel, Gerald R. Linkous, from an order entered December 6, 2013, in the Circuit Court of Mercer County, which terminated his parental rights to eight-year-old A.O., seven-year-old R.O.-1, five-year-old R.O.-2, and two-year-old C.O.[1] The guardian ad litem for the children, Michael P. Cooke, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney, Michael L. Jackson, also filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred in terminating his parental rights when a less restrictive alternative was available and when its order did not properly set forth factual findings in support of termination.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed an abuse and neglect petition against petitioner in April of 2012. The petition alleged that petitioner engaged in drug use and domestic violence in the children's presence. For instance, R.O.-1 disclosed that petitioner "gives himself shots in the arms." The petition also alleged that petitioner physically abused the children and traded most of the family's Temporary Assistance for Needy Families ("TANF") benefits for drugs. At the adjudicatory hearing, the circuit court found that petitioner abused his children primarily through their exposure to domestic violence and that petitioner neglected the children primarily through his substance abuse problems, including trading in household resources for the purchase of drugs. In January of 2013, the circuit court granted petitioner a post-adjudicatory improvement period. Only two weeks before the improvement period, petitioner tested positive for oxycontin and marijuana. As part of the improvement period, petitioner participated in developing a family case plan with the DHHR, which outlined plans for petitioner to participate in parenting and adult life skills to learn appropriate parenting and decision making skills, including parenting techniques and ways to protect the children. Shortly after this plan was implemented, however, at

---

[1] Because two of the children in this case have the same initials, we have distinguished each of them using numbers 1 and 2 after their initials in this Memorandum Decision. The circuit court case numbers also serve to distinguish each child.

1

the end of January of 2013, petitioner was arrested for armed robbery. The circumstances of this robbery were related to petitioner's substance abuse issues. Petitioner was subsequently sentenced to consecutive terms in prison for a total of seven to thirty-one years.

Upon the DHHR's motion to terminate petitioner's parental rights, the circuit court held a dispositional hearing in September of 2013, which continued in October of 2013. The circuit court heard testimony from petitioner's caseworker that although they developed a family case plan together, shortly afterward, petitioner was incarcerated for his attempt to commit a felony, breaking and entering, and second degree robbery. When the circuit court reconvened the dispositional hearing in October, the parties reported that petitioner was still incarcerated and that his motion for reconsideration of his sentence in the criminal matter was still pending. The circuit court terminated petitioner's parental rights after finding that the children could not wait on their father to be released. After the circuit court entered its order terminating petitioner's parental rights, petitioner filed this appeal.

This Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner raises two assignments of error on appeal. First, petitioner argues that the circuit court erred by terminating his parental rights instead of using a less restrictive dispositional sentence. Petitioner asserts that only his custodial rights should have been terminated because all of the children are in the care and custody of their biological mothers. Second, petitioner argues that the circuit court's order terminating his parental rights is insufficient in that it fails to properly set forth factual findings to support the conclusion that the termination of petitioner's full parental rights is necessary. Petitioner asserts that the circuit court should outline its reasons for terminating his parental rights.

Upon our review of the record, we find no error by the circuit court in terminating petitioner's parental rights. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589

(1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). We have also held as follows:

> "[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In Re: R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Under West Virginia Code § 49-6-5(b)(3), circumstances in which a parent fails to respond to rehabilitative efforts are considered those in which there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future. In cases where a parent is incarcerated during an abuse and neglect proceeding, we have held as follows:

> When no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

Syl. Pt. 3, *In Re: Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). We also bear in mind the following:

> "Where it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings . . . has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order." Syl. Pt. 5, *In re Edward B.,* 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 6, *In re Elizabeth A.*, 217 W.Va. 197, 617 S.E.2d 547 (2005).

The record reveals that although petitioner worked with the DHHR to develop a family case plan, he did not demonstrate compliance with its terms or an understanding of its objectives. During the pendency of this abuse and neglect proceeding, petitioner tested positive for oxycontin and marijuana and, within only a few weeks of developing the family case plan, committed armed robbery under circumstances intertwined with his substance abuse issues. The DHHR's primary argument at the dispositional hearing was petitioner's incarceration. In reviewing these circumstances, the record shows that the circuit court also considered the crime

for which petitioner was incarcerated, his length of incarceration, and the children's best interests. Coupled with the children's need for permanency, this evidence was more than sufficient to support the circuit court's findings and conclusions that there was no reasonable likelihood that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings. Although petitioner contends that this case should be remanded with directions to the circuit court to outline its reasons for terminating his parental rights, the record is clear that petitioner did not comply with the terms of his improvement period and that the circuit court considered the circumstances of petitioner's incarceration at the dispositional hearing. Therefore, the circuit court's order does not substantially disregard or frustrate the principles of the Rules of Procedure for Child Abuse and Neglect Proceedings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 2, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II